DOLSEY HARRING, plaintiff in error, vs. WILLIAM W. BAR-
WICK, defendant in error.

[1.] The packet containing the bill of exceptions and transcript of the record need not be transmitted under *seal*, by the Clerk of the Superior to the Clerk of this Court.

[2.] If the Clerk of the Superior Court certify "that the above and foregoing is a correct and true copy from the records in my office, of the foregoing stated case," it is sufficient, and he need not use the words " *complete transcript.*"

[3.] If eleven days intervene between the signing of the bill of exceptions, and filing them with the Clerk, it is a substantial compliance with the Act of 1856, notwithstanding more than ten days elapsed from the acknowledgment of service and filing the bill of exceptions.

[4.] The Act of 32d Henry VIII. against maintenance, not in force in this State.  See *Morris vs. Monroe*, 22 *Georgia Reports*.

Upon the call of this case for argument in the Supreme Court, counsel for defendant in error moved to dismiss the writ of error on the following grounds:

1st. Because there were no papers legally in Court. The same not having been *enveloped* or otherwise closed up, by the Clerk of the Court below, and transmitted to the Clerk of this Court, as required by law.

2d. that the record was not certified by the Clerk of the Court below, to be a true and *complete* transcript and copy.

3d. Because the bill of exceptions was not filed in the office of the Clerk of the Superior Court, within two (or ten) days after the acknowledgment of service.

SHEWMAKE, for the motion.

SCHLEY, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

We are satisfied that the motion to dismiss the writ of error in this case should not prevail. The provisions of the Act of 1856, as to the method of bringing cases up to this Court have been substantially complied with.

[1.] The first objection is, that the papers transmitted to this Court were not under seal. The Act does not require it. They are to be " enveloped" by the Clerk of the Superior Court. What is meant by this word ? Inwrapped; covered on all sides; surrounded on all sides ; inclosed. Envelope *in botany* is one of the parts of fructification surrounding the stamens and pistils. *In fortification* a mound of earth raised to cover some weak parts of the works. The envelope of a comet is the dense nebulous covering which frequently ren-

ders the edge of the nucleus or body indistinct.   *Webster's Royal Octavo Dictionary, page* 360.

In common parlance, we ask for a packet of envelopes, or self-sealing envelopes.   Thus applying the name before sealing.   Whenever a bundle of papers are folded up in a cover they are said to be enveloped, with or without a seal, or even tape.

But we are called upon to put a strict construction upon the term, to protect the integrity of records, which being Anglicised means, dismiss a case without a hearing, upon its merits, lest some attorney should, at some time or other, and to his ultimate and utter ruin, (for he never could profit by it, except for a season,) prove himself a gratuitous scoundrel!   For myself, I am weary, I confess, at listening to such imputations.   A professional experience of nearly forty years, repels all such suggestions.   Let a case of suspicion arise, and none such has occured during the twelve years that I have been upon this bench, and then it will be time enough to invoke this rigid application of the rule.   Otherwise, in my humble opinion, it affords no justification for this Court to establish a rule founded upon considerations so debasing to an honorable profession.   It is bad enough for the bar to lie down under the reproach cast upon it by the other branches of the government, of not being deemed competent witnesses.   Let us not stand forth before the world self-acknowledged felons!

[2.] Nor is the second objection more tenable.   The Clerk, Gideon Kennedy, did not certify that the record sent up was "a true and *complete* transcript."   He does certify " that the above and foregoing is a correct and true copy from the records in my office of the above and foregoing stated case," and this would seem to be substantial compliance with the statute.

[3.] The next and last ground for dismissing the writ of error is, because the bill of exceptions was not filed in the office of the Clerk of the Superior Court within two or ten days after the acknowledgment of service.

The bill of exceptions was signed by the presiding Judge, on the second day of November, 1857, service was acknowledged on the same day by the attorney of the opposite party; and it was filed in the Clerk's office on the 13th day of the month, making in all but eleven days from the time the bill of exceptions was signed and certified to the time when it was filed with the Clerk. Whereas, by the 4th section of the Act of 1856, twelve days as the law is *printed*, or twenty, as it is said to have *passed*, may intervene between the signing by the Judge and filing with the Clerk; one day more of delay than actually transpired in this case. We must think, indeed we cannot doubt but that this is a substantial compliance with the Act. And if so, the exception taken should not be allowed.

Having disposed of these preliminary questions, it only remains to notice for a moment the case upon its merits.

The Judge, amongst other things, charged the jury that if they believed, from the evidence before them, that the defendant was in adverse possession of the premises in dispute, claiming them as his own, at the time the plaintiff purchased the same from Aaron Hutchinson, the grantee, that the statute of 32d Henry VIII., against maintenance, in force in this State, applied to this case, and that they must find for the defendant.

It is conceded that if this charge be wrong, the judgment is erroneous and must be reversed. While my opinion upon this point remains unchanged, as expressed in the case of *James Morris et al., against George W. C. Munroe,* ejectment from Lee county, and decided at Macon at the June Term of this Court, 1857, and reported in the 22d volume, nevertheless, a majority of the Court having held otherwise, that case must cover and control this. And I feel that it would not be becoming, much less am I required to manifest by a formal dissent, my individual opinion whenever this point comes up. It is for the Legislature, should it see fit,

to speak authoritatively, as to this ancient, and before the case referred to, undisputed principle of the law in this State, so far as I know myself, or am informed by others.

Judgment reversed.